*In re* D.P., a Minor (The People of the State of Illinois, Plaintiff-Appellant, v. Dennis Penn *et al.*, Defendants-Appellees).

Third District   No. 3—87—0824

Opinion filed November 28, 1988.

HEIPLE, J., dissenting.

James T. Teros, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Glen F. Ruud, of Ruud & Scovil, of Rock Island, for appellees.

James Kee, of Public Defender's Office, of Rock Island, guardian *ad litem*.

JUSTICE SCOTT delivered the opinion of the court:

The People of the State of Illinois on February 24, 1987, filed a petition in the circuit court of Rock Island County which alleged that D.P., a minor, was an abused child and that the child's environment was injurious to her well-being. The petition was filed pursuant to the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par 701—4).

An adjudicatory hearing was had and the petition was dismissed on the ground that there was no corroborative evidence of D.P.'s statement that she was abused by her father. From this dismissal the State appeals.

There is no argument presented in this appeal that D.P. was not sexually abused. On the contrary, the court was presented with uncontradicted and unimpeached testimony from a doctor that the minor had been sexually abused.

D.P., the minor, approximately 2½ years of age, was being taken care of by an aunt because her mother was in the hospital. D.P. complained to her aunt of having a soreness in the vaginal area. After the mother was released from the hospital, D.P. made the same complaint to her mother and aunt and told them that Daddy had done it. The aunt would later inform a doctor that D.P. had informed her and the child's mother that the father (defendant) had digitally penetrated her vagina and had some oral genital contact. Medical testimony established that D.P.'s hymen was in appearance not normal.

The Department of Children and Family Services (DCFS), the sheriff's department and two doctors were contacted by D.P.'s aunt or mother or both of them. These departments and individuals were all informed of D.P.'s statements to the effect that her father's actions had caused the vaginal soreness. The mother of D.P. would, prior to the hearing on the petition filed in the circuit court, change her mind as to her husband's culpability and conclude that he had not done anything to D.P.

The defendant father was interviewed by a representative of DCFS, the sheriff's department and a doctor. The defendant father steadfastly and adamantly denied the allegations of abuse levelled at him by D.P.

D.P., because of her age, was not a competent witness and did not testify.

Based upon the foregoing scenario, we are confronted in this appeal with the question of whether the identity of the abusing party must be determined by corroborated testimony or evidence.

In addressing this question we direct our attention to a provision in our statutes relating to adjudicatory hearings as to minors which provides as follows:

> "(c) Previous statements made by the minor relating to any allegations of abuse or neglect shall be admissible in evidence. However, no such statement, if uncorroborated and not subject to cross-examination, shall be sufficient in itself to support a finding of abuse or neglect." Ill. Rev. Stat. 1985, ch. 37, par. 704—6(4)(c).

The State argues that the trial court was presented unimpeached testimony from a doctor that D.P., the minor, had been sexually abused, and since such independent evidence corroborates a portion of

the minor D.P.'s statement, the entirety of her statement is both believable and admissible. It is the State's position that section 4—6(4)(c) does not require independent testimony of each and every element or factual assertion made by a minor in her previous statement. It is the State's position that corroboration of some but not all of the material facts contained in a minor's prior statement is all that is needed to sustain the burden of proof in a juvenile proceeding.

■■ It may well be that all aspects of a minor's prior statement need not be corroborated, but the paramount or determinative aspects, *i.e.*, that abuse occurred and the identity of the abuser, must be corroborated. To hold otherwise could result in determining cases on pure hearsay with the resultant effect of a denial of the right to cross-examination.

We believe the trial court was correct in relying upon the case of *In re Custody of Brunken* (1985), 139 Ill. App. 3d 232, 487 N.E.2d 397.

For the reasons set forth the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

This appeal involves the sole issue of what constitutes sufficient corroboration of a minor's prior statement in a sexual abuse case under section 4—6(4)(c) (Ill. Rev. Stat. 1985, ch. 37, par. 704—6(4)(c)). The majority concludes that the corroboration requirement of this section of the statute mandates corroboration on both the question of whether the minor was abused and, if so, whether the accused was the abuser. I dissent.

The statute in question establishes a statutory exception to the hearsay rule for previous statements made by a minor relating to allegations of abuse or neglect. It provides:

> "Previous statements made by the minor relating to any allegations of abuse or neglect shall be admissible in evidence. However, no such statement, if uncorroborated and not subject to cross-examination, shall be sufficient in itself to support a finding of abuse or neglect." (Ill. Rev. Stat. 1983, ch. 37, par. 704—6(4)(c).)

This statute furnishes a balance between protecting the health and welfare interests of minors and protecting adults from unreliable sex-

ual abuse charges. Section 4—6(4)(c) protects abused children from the traumatic ordeal of testifying openly in court. Furthermore, the statute allows a finding of abuse or neglect where the minor is found incompetent to testify. Safeguards, however, were included in the statute to ensure that a finding of abuse or neglect was not based upon a statement or statements which did not possess indicia of reliability. Consequently, the statute requires that when such statements are the sole basis of the finding, they must be corroborated and must be subject to the rigors of cross-examination. My disagreement with the majority revolves around the level of corroboration required by this statutory scheme.

The majority, relying upon the case of *In re Custody of Brunken* (1985), 139 Ill. App. 3d 232, 487 N.E.2d 397, maintain that the identity of the abuser must be corroborated as well as the allegations of sexual abuse. Requiring corroboration as to the identity of the sexual abuser would create a situation whereby the minor's statements could be corroborated in only two ways. First, if there were an eyewitness to the sexual attack; and second, if the assailant confesses. Such an interpretation creates a burden of proof that is nearly impossible to meet and affords a sexually abused child of tender years scant protection. It takes away with the left hand what the right hand purports to give. In short, it emasculates the statute.

Corroboration is meant to supply facts sufficient to lend credence, support, and believability to a statement made by someone who will not be subject to cross-examination. In the instant case, the minor's maternal aunt related statements made to her by the child which indicated that the minor's father had sexually abused the child. Additionally, a Department of Children and Family Services caseworker, an investigator for the sheriff's department, and a psychologist related statements allegedly made by the child's mother to them which also indicated that the child had been sexually abused by the father.

Doctor Ozaki then testified that, based on her physical examination of the child, the minor had been sexually abused. The doctor further stated that the physical sexual trauma to the child could not have been done by the child herself.

The doctor's testimony provides the kind of corroboration intended by the statute. This independent evidence tends to instill a degree of believability and trustworthiness in the minor's recitation of what had occurred to her. To require full and complete corroboration as to every element of the offense renders the statute meaningless. Accordingly, I dissent.